UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY SANDON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-0427-G |
| BARRETT BURKE WILSON CASTLE ) | |
| DAFFIN & FRAPPIER, L.L.P., ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Jay Sandon Cooper ("Cooper" or "the plaintiff") to remand this case to the state court from which it was removed, or, in the alternative, to abstain from deciding his claims which arise under state law. Also before the court is the motion of the defendants Barrett Burke Wilson Castle Daffin & Frappier, L.L.P., Litton Loan Servicing L.P., J.P. Morgan Chase Bank, Greg Bertrand, Keith Smiley, and R.H. Patterson (collectively, "the defendants") to file a supplemental notice of removal. For the reasons set forth below, the plaintiff's motion to remand is denied and the defendants' motion to supplement their notice of removal is granted.

I.  BACKGROUND

This case arises out of the defendants' attempt to foreclose on and sell the plaintiff's homestead.  This action was commenced in the 116th District Court of Dallas County, Texas on February 5, 2007.  Therein, the plaintiff filed an application for a temporary restraining order and a temporary injunction seeking relief under, among others, the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.0001 *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; and the Fair Credit Protection Act, 15 U.S.C. § 1605.

Although it is undisputed that this suit was originally filed in state court on February 5, 2007, the date when the defendants were notified of the plaintiff's petition is in dispute.  The plaintiff contends that the defendants were adequately notified of this suit on February 2, 2007, when the defendants received a faxed copy of the plaintiff's petition.  Plaintiff's Motion to Remand ("Motion") at 3.  The case was removed to this court by the defendants on March 7, 2007, alleging jurisdiction under 28 U.S.C. § 1331.  The instant motion to remand followed.

II.  ANALYSIS

The plaintiff claims this case must be remanded to the state court from which it was removed for two independent reasons.  First, the plaintiff argues that removal was untimely under 28 U.S.C. § 1446(b).  Motion at 3-4.  Second, the plaintiff alleges that a procedural irregularity -- the defendants' failure to attach a copy of the

citations and executed returns of service which were part of the state court record -- warrants remand. *Id*. at 4. In a related motion, the defendants seek leave from the court to supplement their notice of removal to provide the missing documents. Defendants' Motion to File Supplemental Notice of Removal and Brief in Support. Finally, the plaintiff urges that if the court does not remand the case in its entirety, the court should abstain from ruling of the federal questions until the state court rules on the issues of state law. Motion at 4-9.

### A. Timeliness of Removal

Title 28 U.S.C. § 1446(b) requires that a party seeking removal must file notice of removal within thirty days after the defendant receives, "through service or otherwise, . . . a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant . . . ." 28 U.S.C. § 1446(b). In the Fifth Circuit, if a litigant fails to remove a case within the thirty-day time period for removal under § 1446(b), removal is improper and the case should be remanded. See *Royal v. State Farm Fire and Casualty Company*, 685 F.2d 124, 127 (5th Cir.1982); see also *S.M. v. Jones*, 794 F.Supp. 638, 640 (W.D. Tex 1992) ("The Fifth Circuit has demonstrated the strictness by which it adheres to . . . the thirty day time limit[] involved in the removal . . . of cases.").

The defendants in this case filed their notice of removal on March 7, 2007. Although the plaintiff's state court complaint was not filed until February 5, 2007, Cooper alleges that the defendants received adequate notice of the suit against them on February 2, 2007, when he faxed a copy of the complaint to the defendants. Motion at 3. Cooper's argument must be rejected on the basis of *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In *Murphy Brothers*, the Court held that the thirty-day time period for removal under § 1446(b) does not begin to run until the removing party is officially summoned to appear in an action and brought under the authority of a court. *Id.* at 347-48. The *Murphy Brothers* rule is based on the principle that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350.

In this case, because the defendants had no duty to appear and defend prior to the plaintiff filing his petition in the state court, February 5, 2007 is the earliest date on which the defendants could have received adequate notice to trigger the

commencement of § 1446(b)'s thirty-day period.[1]  Therefore, the defendants' notice of removal filed on March 7, 2007 was timely.

### B.  Missing Documents in the Notice of Removal

The plaintiff further complains that the notice of removal was defective under 28 U.S.C. § 1446(a) because the defendants failed to attach a portion of the state court record to their notice of removal -- specifically various citations and executed returns of service.  Under § 1446(a), a defendant seeking to remove a case to federal court is required to include in its notice of removal "all process, pleadings, and orders" from the state court.  In the Fifth Circuit, however, failure to abide by this requirement under § 1446(a) is nonjurisdictional.  *Covington v. Indemnity Insurance Company*, 251 F.2d 930, 933 (5th Cir.), *cert. denied*, 357 U.S. 921 (1958).  Nonjurisdictional defects in the removal process may be waived at the discretion of the court.  *Id.*

---

[1]  The plaintiff argues that the February 2, 2007 service was made under the authority of the state court because service was pursuant to Local Rule 2.02(a) of the Civil Courts of Dallas County, Texas, which requires that when the plaintiff moves for a temporary restraining order, he "provide opposing counsel or party with a copy of the application and proposed order at least 2 hours before the application and proposed order are to be presented to the Court for decision."  Because this preliminary notice was given pursuant to a local rule, the defendants had not been officially summoned to appear before the state district court.  A defendant cannot be made party to a suit until it is actually summoned to appear, and such a summons could not have issued in this case any earlier than February 5, 2007, the date on which the suit was actually filed in the state court.

There is ample precedent in the Fifth Circuit and the district courts therein that remand is not favored for nonjurisdictional defects, and that the proper remedy is to allow the missing documents to be supplemented. See, *e.g.*, *Covington*, 251 F.2d at 933; *Flores v. Baldwin*, No. 3:01-CV-2873-P, 2002 WL 1118504, at *4 (N.D. Tex. May 28, 2002) (Solis, J.); *Brown v. Nationsbank of Georgia*, No. 3:96-CV-2630-G, 1997 WL 587486, at *2 (N.D. Tex. Sept. 11, 1997) (Fish, J.).[2] Accordingly, the plaintiff's motion to remand on this ground is denied, and the defendants' motion to supplement their notice of removal is granted. The defendants shall file electronically their supplemental notice of removal within ten days from the date of this memorandum opinion and order. Failure to do so may result in remand without further notice.

### C.  Remand Under 28 U.S.C. § 1441(c)

In the alternative, Cooper moves that the court "abstain" from ruling on the federal questions.[3] Though not expressly articulated as such, Cooper moves for

---

[2]  The plaintiff alleges that the court should not allow the defendants to supplement the notice of removal because "Defendants did not allege, nor can they show, that Plaintiff will not be prejudiced by this Court's allowance of the supplement requested[.]" Plaintiff's Response to Defendants' Motion to File Supplemental Notice of Removal and Brief in Support at 2. It is obvious, however, that plaintiff would not be prejudiced by supplementing the notice, because the documents to be supplied are citations which the plaintiff himself filed.

[3]  The plaintiff did not characterize his alternative request for relief as requiring remand under § 1441(c). Rather, Cooper argues that the court should "abstain" from ruling on the federal questions until a state court has ruled on his state
(continued...)

remand under 28 U.S.C. § 1441(c). He argues either (1) that the state law claims predominate over the federal law claims and thus the entire case should be remanded; or (2) that the state law claims should be severed and remanded and that the court should then abstain from ruling on the federal claims until the state district court rules on the state law claims.

If a removed case contains both a federal claim and one or more otherwise non-removable claims, the district court, in its discretion, is authorized under § 1441(c) to either "determine all issues therein, or . . . remand all matters in which State law predominates." 28 U.S.C. § 1441(c). See *Buchner v. Federal Deposit Insurance Corporation*, 981 F.2d 816, 819 (5th Cir. 1993). The Fifth Circuit has established that for a remand to be proper under § 1441(c), the claim or claims to be remanded must be: "(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 439 (5th Cir. 2002) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Company*, 145 F.3d 320, 327 (5th Cir. 1998)). "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty*

---

[3](...continued)
law claims. At present, however, there are no claims in the state court. Thus, in order for the court to abstain from ruling on questions of federal law, the court first must remand the plaintiff's state law claims.

*Company v. Finn*, 341 U.S. 6, 14 (1951).  Under Fifth Circuit precedent, if a plaintiff asserts several theories of liability all arising from one specific legal wrong, the claims are not separate and independent.  See *State of Texas by and through the Board of Regents of the University of Texas System v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir.1996).

Here, the plaintiff's state law claims and federal law claims arise out of the same alleged legal wrong -- namely, the attempted foreclosure and sale of the plaintiff's homestead.  Because all of Cooper's theories of liability -- both state and federal -- arise out of the same occurrence, the court finds that the plaintiff's state law claims do not constitute a separate and independent cause of action.  Therefore, the plaintiff's motion to remand/abstain under § 1441(c) is denied.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **DENIED**. The defendants' motion to supplement the notice of removal is **GRANTED**.  The defendants shall file electronically their supplemental notice of removal within 10 days (**August 2, 2007**) from the date of this memorandum opinion and order. Failure to do so may result in remand of this case without further notice.

**SO ORDERED**.

July 23, 2007.

                                                    /s/ A. Joe Fish
                                                    A. JOE FISH
                                                    CHIEF JUDGE