Robert F. Maris
Texas State Bar No. 12986300
Michael J. McKleroy, Jr.
Texas State Bar No. 24000095
MARIS & LANIER, P.C.
1310 Premier Place
5910 N. Central Expressway
Dallas, Texas 75206
214-706-0920 telephone
214-706-0921 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY SANDON COOPER,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT BURKE WILSON CASTLE DAFFIN & FRAPPIER, L.L.P., LITTON LOAN SERVICING LP, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, GREG BERTRAND, KEITH SMILEY, and R.H. PATTERSON, Substitute Trustees<br><br>Defendants. | CIVIL ACTION NO:<br>3:07-CV-0427-G |

**BRIEF IN SUPPORT OF DEFENDANTS BARRETT
BURKE WILSON CASTLE DAFFIN & FRAPPIER, LLP,
GREG BERTRAND, KEITH SMILEY AND R.H.
PATTERSON'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE A. JOE FISH:

COME NOW Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP ("Barrett Burke"), Greg Bertrand, ("Bertrand"), Keith Smiley ("Smiley") and R.H. Patterson ("Patterson")(collectively "Defendants") and, pursuant to Local Rule 56.5 of the Federal Rules of Civil Procedure, file this brief in support of its motion for summary judgment

against the claims asserted by Plaintiff Jay Sandon Cooper ("Plaintiff"). In support thereof, Defendants respectfully show the following:

## TABLE OF CONTENTS

*Page*

I. Summary of Argument .................................................. 1

II. Argument and Authorities ............................................. 1

    A. Summary Judgment Standard ..................................... 1

    B. §51.007 of the Texas Property Code ............................. 3

III. Prayer ............................................................. 4

# TABLE OF AUTHORITIES

## *Cases*

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .................. 1, 2

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ............... 1, 3

*Eason v. Thaler,*
    73 F.3d 1322, 1325 (5thCir.1996) ........................................ 2

*Forsyth v. Barr,*
    19 F.3d 1527, 1533 (5thCir.), *cert. denied,*
    513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994) ........................ 2

*Matsushita Elec. Indus. Co. v. Zenith Radio,*
    475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) .................. 1, 2

*Ragas v. Tennessee Gas Pipeline Co.,*
    136 F.3d 455, 458 (5thCir.1998) ........................................ 1, 2

*Reeves v. Sanderson Plumbing Prods., Inc.,*
    530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) .................. 2

*Skotak v. Tenneco Resins, Inc.,*
    953 F.2d 909, 915-16 & n.7 (5thCir.), *cert. denied,*
    506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) .......................... 2

*WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.,*
    314 F.Supp.2d 655, 656 (N.D.Tex.2004) .................................. 3

## *Statutes and Codes*

FED. R. CIV. P. 56(c) ....................................................... 1

TEX. PROP. CODE §51.007 .................................................. 1, 3

I.

Summary of Argument

1. Plaintiff's claims against Defendants must fail for the reason that, pursuant to §51.007(a) of the Texas Property Code, Defendants filed a verified denial asserting that they were being sued by Plaintiff solely in the capacity of trustee and Plaintiff did not object or otherwise controvert that verified denial in the time and manner required by §51.007(b) of the Texas Property Code. Therefore, Defendants are entitled to a dismissal of Plaintiff's claims against them, pursuant to §51.007(c) of the Texas Property Code.

II.

Arguments & Authorities

**A.  Summary Judgment Standards.**

2. Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5thCir.1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d

538 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Anderson*, 477 U.S. at 254-55.

3. Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5thCir.1996). Unsubstantiated assertions, improbable inferences and unsupported speculation are not competent summary judgment evidence. See *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5thCir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; see also *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5thCir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make

a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B.    §51.007 of the Texas Property Code.**

4.    §51.007(a) of the Texas Property Code provides that a trustee may plead in the answer that the trustee is not a necessary party. TEX. PROP. CODE §51.007(a). This pleading must be verified and state the trustee's reasonable belief that he or she was named as a party solely in his or her capacity as a trustee. *Id.* After a verified denial is filed pursuant to §51.007(a), the plaintiff is required to file an objection or verified response rebutting the verified denial within thirty (30) days. TEX. PROP. CODE §51.007(b). If the plaintiff fails to make the verified response or objection within the thirty (30) day time frame, then the trustee shall be dismissed from the suit or proceeding without prejudice. TEX. PROP. CODE §51.007(c); *WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F.Supp.2d 655, 656 (N.D.Tex.2004).

5.    In the case at bar, Defendants' First Amended Answer was filed on March 7, 2007. That First Amended Answer contained, among other things, a verified denial on behalf of Defendants specifically alleging that they were being named solely in their capacity as trustee, pursuant to §51.007. Plaintiff did not, within thirty (30) days, file an objection or verified response to this denial. Therefore, Defendants are entitled to a dismissal of Plaintiff's claims as a matter of law.

III.

Prayer

WHEREFORE, premises considered, Defendants respectfully request that this Honorable Court enter an order granting this motion for summary judgment dismissing Plaintiff's affirmative claims for relief against Defendants and for any other relief to which Defendants may show themselves justly entitled in equity or in law.

Respectfully submitted,

/s/Michael J. McKleroy, Jr.
Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy, Jr.
State Bar No. 2400095
MARIS & LANIER, P.C.
5910 N. Central Expressway
1310 Premier Place
Dallas, Texas 75206
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true, correct and complete copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on the 21st day of November, 2007 to:

Jay Sandon Cooper
1520 Janwood Drive
Plano, Texas 75075
**VIA CERTIFIED MAIL RECEIPT
NO. 7007 0220 0004 2339 1437**

                                        /s/Michael J. McKleroy, Jr.
                                        Michael J. McKleroy, Jr.

624.175\msj-trustees2.brf.wpd