UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY SANDON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-0427-G |
| BARRETT BURKE WILSON CASTLE ) | |
| DAFFIN & FRAPPIER, L.L.P., ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions for summary judgment of (1) the defendants Greg Bertrand ("Bertrand"), Keith Smiley ("Smiley"), R.H. Patterson ("Patterson"), Barrett Burke Wilson Castle Daffin & Frappier, LLP ("Barrett Burke") and (2) the defendants JP Morgan Chase Bank, National Association ("JP Morgan") and Litton Loan Servicing LP ("Litton"). For the reasons set forth below, (1) the motion of the defendants Bertrand, Smiley, Patterson, and Barrett Burke is granted in part and denied in part; and (2) the motion of the defendants JP Morgan and Litton is granted as to Cooper's federal claim against them. All remaining claims against JP Morgan and Litton are remanded to the state district court from which this case was

previously removed. *See* 28 U.S.C. § 1367(c)(3). Decision on Cooper's claims not addressed herein is reserved to the judge of the state district court.

I. BACKGROUND

This case arises out of the attempt to foreclose on and sell the homestead of the *pro se* plaintiff Jay Sandon Cooper ("Cooper").

On October 30, 1998, Cooper and his then-wife Linda Cooper (collectively, "the Coopers") secured a loan in connection with their purchase of a home located at 1520 Janwood Drive in Plano, Texas ("the property"). Affidavit of Chris Wyatt ("Wyatt Affidavit") ¶¶ 2-3, *attached to* Appendix in Support of Defendants Litton Loan Servicing, LP and JP Morgan Chase Bank, N.A., as Trustee,'s Motion for Summary Judgment ("Litton/Chase Appendix") *as* Exhibit A. Specifically, the Coopers executed an adjustable rate note ("the note") promising to repay $140,000 and a deed of trust securing the note by granting a first lien on the property. *Id*. ¶ 3. The lender was First Consolidated Mortgage Company. *See* Adjustable Rate Note and Deed of Trust, *attached to* Litton/Chase Appendix *as* Exhibit A-1 and Exhibit A-2 respectively. At closing, the Coopers waived establishment of escrow funds and promised to pay not only principal and interest but also property taxes and insurance premiums. Wyatt Affidavit ¶ 9.

Pursuant to an agreement between JP Morgan and Litton, effective January 17, 2000, Litton began servicing the loan. *Id*. ¶ 4. Prior to this agreement, the loan was

serviced by Nations Credit. *Id*. ¶ 5. Nations Credit transferred the servicing of the loan to Litton. *Id*.[1]

At the end of two rounds of bankruptcies, *see id*. ¶¶ 10-14, Cooper's loan was three months in arrears due to Cooper's insufficient payment history. *Id*. ¶ 15. In addition to making insufficient payments, Cooper failed to maintain insurance on the property during the second bankruptcy proceeding. *Id*. ¶ 16. In a letter from Litton to Cooper, Litton informed Cooper that because he had not provided proof of insurance on the property, Litton had secured insurance on the property and would bill this fee to Cooper's loan. *See* Letter, *attached to* Litton/Chase Appendix *as* Exhibit A-6.

After the second bankruptcy was dismissed, on May 10, 2006, Litton accepted one final payment from Cooper, and Litton paid insurance premiums and property taxes. Wyatt Affidavit ¶ 18. On June 9, 2006, maturity of the loan was accelerated. *Id*. ¶ 21. As of December 4, 2007, Cooper owed $184,894.74 on the loan, and after that date this amount accrues interest at a *per diem* rate of $33.71. *Id*. Cooper learned that the property was posted for foreclosure when he received notice in the mail. Plaintiff's Original Petition ("Petition") at 2, *attached to* Notice of Removal at

---

[1] This included instruction that all notices be mailed to 3610 Kinsford Avenue in Dallas ("the Kinsford address"), rather than to the property address. Wyatt Affidavit ¶ 5. Monthly principal and interest payment periodically increased, notice of which was sent to the Kinsford address until June 15, 2006, when Cooper changed his preferred address to the property address. *Id*. ¶¶ 7-8.

Tab 1. Cooper avers that "[v]ia Western Union, [he] consistently delivered his monthly payments in the amount of $1,026.29 to . . . Litton Loan Servicing L.P., mortgage servicing agent for JP Morgan Chase Bank, NA . . . ." *Id.* Cooper alleges that the defendants "secretly and wrongfully charged [him] fees . . . [so that his] monthly payments were wrongfully considered to be inadequate to pay principal and interest." *Id.*

On February 5, 2007, this action was commenced in the 116th District Court of Dallas County, Texas. Therein, Cooper filed an application for a temporary restraining order and a temporary injunction seeking relief under, among others, the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.0001, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; and the Fair Credit Protection Act, 15 U.S.C. § 1605. Cooper brought claims against all of the defendants for breach of contract, usury, breach of the duty of good faith and fair dealing, common law and statutory fraud, and intentional infliction of emotional distress.

On March 7, 2007, the case was removed to this court by the defendants, alleging jurisdiction under 28 U.S.C. § 1331. On April 2, 2007, Cooper moved to remand this case to the state court from which it was removed, or, in the alternative, to abstain from deciding his claims which arise under state law. In that motion, Cooper claimed that this case must be remanded because removal was untimely and a

procedural irregularity warranted remand.  On July 23, 2007, this court denied Cooper's motion to remand and granted the defendants' motion to supplement their notice of removal.

## II.  ANALYSIS

### A.  Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving parties are entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).[2]  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  The movants make such a showing by informing the court of the basis of their motions and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  FED. R. CIV. P. 56(c).

---

[2] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

Once the movants make this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

B.  <u>Defendants Bertrand, Smiley, Patterson, Barrett Burke</u>

Defendants Bertrand, Smiley, Patterson, and Barrett Burke assert that they are entitled to summary judgment on all of Cooper's claims against them because Cooper

violated Texas Property Code § 51.007.  Brief in Support of Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP, Greg Bertrand, Keith Smiley, and R.H. Patterson's Motion for Summary Judgment ("Bertrand, Smiley, Patterson, Barrett Burke Motion") at 1.  Under this section, "[t]he trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument."  TEX. PROP. CODE § 51.007(a) (Vernon 2007).  Within 30 days after the filing of the trustee's verified denial, a verified response is due rebutting the trustee's verified denial.  *Id*. § 51.007(b).  If a verified response is not timely filed, the trustee shall be dismissed from the suit without prejudice.  *Id*. § 51.007(c).

In their motion for summary judgment, defendants Bertrand, Smiley, Patterson, and Barrett Burke aver that they are not necessary parties, and that on March 7, 2007, they filed a first amended answer which contained a verified denial alleging that they were being sued solely in their capacity as trustees and that Cooper did not file a verified denial within 30 days.  Bertrand, Smiley, Patterson, Barrett Burke Motion at 1, 3.  Cooper did not file a verified response within 30 days; however, he asserts that his verified complaint complies with Texas Property Code § 51.007.  Plaintiff's Brief in Support of Plaintiff's Response to Defendants' Barrett Burke Wilson Castle Daffin & Frappier, LLP, Greg Bertrand, Keith Smiley, and R.H.

Patterson's Motion for Summary Judgment ("Response to Bertrand, Smiley, Patterson, Barrett Burke Motion") at 4. The clear language of Texas Property Code § 51.007 states that "[w]ithin 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, *that rebut the trustee's verified denial*." TEX. PROP. CODE § 51.007(b) (Vernon 2007) (emphasis added). Cooper did not file a verified response within 30 days, so he did not comply with the explicit mandate of that section. However, Cooper asserts that he did not receive verified denials of Bertrand and Smiley. Response to Bertrand, Smiley, Patterson, Barrett Burke Motion at 4. Because Cooper does not contest receipt of the verified denials of Patterson and Barrett Burke, the motion for summary judgment of Cooper's claims against them is granted. Defendants Bertrand and Smiley have moved the court to consider *sua sponte* their right to summary judgment under Texas Property Code § 51.007 or, in the alternative, for leave to file expedited verified denials. Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP, Greg Bertrand, Keith Smiley and R.H. Patterson's Reply to Plaintiff Jay Cooper's Summary Judgment Response at 2 n.1. The court grants the motion of the defendants Bertrand and Smiley for leave to file verified denials or responses. They shall do so within ten days of this date.

C. Defendants Litton and JP Morgan

Defendants Litton and JP Morgan move for summary judgment on all of Cooper's claims against them. Cooper asserts that these defendants violated the Fair Credit Protection Act, 15 U.S.C. § 1605. Petition at 23. Defendants Litton and JP Morgan contend that Cooper's Fair Credit Protection Act claims are more properly construed as claims under the Truth-in-Lending Act ("TILA"). 15 U.S.C. § 1640, *et seq*. Brief in Support of Defendants Loan Servicing, LP and JP Morgan Chase Bank, N.A., as Trustee,'s Motion for Summary Judgment at 6 n.1. The court agrees.

A one-year statute of limitations governs Cooper's claims under the TILA. *Id*. § 1640(e). According to the statute, limitations runs from the date each violation occurred. A violation occurs when credit is extended through the consummation of the transaction between creditor and its customer without the required disclosures being made. *Stevens v. Rock Springs National Bank*, 497 F.2d 307, 309-10 (10th Cir. 1974). The loan transaction in this case was closed on October 30, 1998. Limitations thus bars Cooper's TILA claims, since suit was not filed until February 5, 2007.

D. Pendent Jurisdiction

Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try

them all in one judicial proceeding." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). Yet pendent jurisdiction is a "doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726. Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon*, 484 U.S. at 349-50.

When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the pendent jurisdiction doctrine weigh heavily in favor declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and remand the case to state court. *Id.* at 350 n.7.

In the case before the court, the federal claim against the defendants JP Morgan and Litton has been dismissed and only state law claims against those defendants remain. Because the federal claim was dismissed before trial, the factors of judicial economy, convenience, fairness, and comity suggest that this court ought to decline jurisdiction over the remaining state law claims and remand those claims to state court. *See* 28 U.S.C. § 1367(c)(3).

III.  CONCLUSION

Accordingly, the motion of defendants Bertrand, Smiley, Patterson, and Barrett Burke is **GRANTED** in part and **DENIED** in part.  The motion of defendants Patterson and Barrett Burke for summary judgment on Cooper's claims against them is **GRANTED**.  Defendants Bertrand and Smiley have leave to file verified denials in this case.  If such verified denials are filed within ten days of this date, Cooper shall have thirty days to respond, as provided by TEX. PROP. CODE § 51.007(b).  In the absence of any response from Cooper, summary judgment will be entered in favor of Bertrand and Smiley.

The motion of defendants JP Morgan and Litton is **GRANTED** on Cooper's TILA claim against them.  Cooper's remaining claims against these two defendants, all of which are governed exclusively by state law, are **REMANDED** to the **116th Judicial District Court of Dallas County, Texas**.

The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

April 22, 2008.

*(signature)*
**A. JOE FISH**
**Senior United States District Judge**